CHARLES L. TIMBERLAKE *v.* THE CINCINNATI GAZETTE CO.

1. On principles of public convenience, the ordinary rule is, that no action can be maintained in respect of fair and impartial reports of a judicial proceeding; if the report be not correct, for example, if it contain matter that was not stated, or if what was stated was so colored as not to be accurate, there is no justification for its publication.

2. The publication of *ex parte* proceedings in criminal cases is not within the rule: the objection being that as the prosecution is still pending and undetermined, such publications tend to prevent and impede the due administration of justice toward persons accused of crimes.

3. The publication of matter, charged in an affidavit, made preliminary to a warrant of arrest, is not a publication of a judicial proceeding, and is not of itself jusfitiable.

SPECIAL TERM.—On motion to set aside a verdict rendered in favor of plaintiff at the January term, A. D. 1857. The plaintiff instituted his action to recover damages for an alleged libel published of and concerning him in the *Cincinnati Gazette,* on August 8, A. D. 1856.

The facts are sufficiently stated in the decision.

C. L. Timberlake *v.* Cincinnati Gazette Company.

*Fox & French,* for plaintiff.

*John L. Miner,* for defendant.

Gholson, J. The action was for a libel alleged to consist in the following publication:

"Swindling.—Among the arrests at the Ninth street station-house, yesterday, appeared the name of C. L. Timberlake, who is charged with petty larceny, he having, according to the statement made, bought a land-warrant of a lady, for $95, and when the lady had signed the documents, making the warrant over to him, he gave her $76, and would give her no more."

The answer of the defendant admitted the publication, and claimed, as a defense, that the plaintiff had in fact been arrested upon an affidavit and warrant, and that the publication was substantially a statement of the contents of the affidavit and of the charge made against the plaintiff. That the publication was made in good faith, and for the purpose of giving information to the public of events of interest.

It was not stated, or claimed, that a charge against the plaintiff, either of swindling or petty larceny, was true, or that at the time of the publication there had been a hearing of the matter even before an examining court. In fact, on such a hearing the charge was dismissed as unfounded. The defense, substantially claimed, was the right to publish, as soon as made or filed, the affidavit upon which a warrant has been issued and an arrest made, in a criminal cause; in other words, to publish the facts alleged as the foundation of a criminal charge, so soon as acted upon by the magistrate who issues and the officer who executes the warrant of arrest; the proceedings being necessarily *ex parte*, and no opportunity being allowed to deny or explain the facts charged.

The court, upon the trial of the case, charged the jury that the matters so alleged as a defense did not justify the publication, however proper to be considered as showing no actual malice, and for protecting the defendant from vindictive or punitive damages. A new trial is now asked by the

defendant on the ground of error in this charge of the court.

No man can be held responsible in a civil proceeding for publishing the truth; but he is responsible for publishing a falsehood, unless he shows a justification in the occasion or circumstances. "Every citizen may freely speak, write and publish his sentiments on all subjects, being responsible for the abuses of the right." But to publish that which is false and injurious to another, must be deemed an abuse. So, if the first publication of false and injurious matter be an abuse of the right of speech, or of the liberty of the press, and a wrongful act, it can confer no right on another to repeat or republish. This is also an abuse, for which the party repeating or republishing becomes responsible. And it is now well-settled, that this responsibility can not be escaped by giving the name of the author or first publisher. 28 Eng. L. & E. 567, *Tidman* v. *Ainslie;* 18 Id. 113. And no such doctrine has at any time obtained countenance in reference to a libel, or written slander. To repeat what a man hears in conversation, is quite a different matter from writing it out and publishing it in a newspaper. "Where such libel consists in publishing the fact of an accusation having been made against another, the defendant must show the accusation to be true." 3 Bingham, N. C. 950, 32 E. C. L. 404, *Delegal* v. *Highley;* 3 B. & C. 24, 10 E. C. L. 12, *McGregor* v. *Thwaites;* 5 Bing. 392, *DeCrespigny* v. *Wellesley.*

It may be said, however, and it is really the question that has been made in this case, that the publication of the fact that an accusation of a crime was made against the plaintiff was justified by the occasion, being a publication of legal proceedings. "On principles of public convenience the ordinary rule is, that no action can be maintained in respect of fair and impartial reports of a judicial proceeding." 1 Starkie on Slander, 263. "A person may publish a correct account of proceedings in a court of justice. If it be not correct, for example, if it contains things which were not stated, or if what was stated is so colored as not to be accurate,

then there is no justification for its publication." 2 C. & K. 580, 61 E. C. L. 584, *Smith* v. *Scott*.

To the rule allowing a correct report or account of a judicial proceeding, it has been said, there are several natural and necessary limitations, and among them is enumerated the publication of *ex parte* proceedings in criminal cases. 1 Starkie on Slander, 263, 265, citing 2 Campb. 563, *King* v. *Fisher;* 1 B. & A. 379, *King* v. *Fleet;* 3 B. & C. 556, 10 E. C. L. 179, *Duncan* v. *Thwaites*.

That this exception is established by the decision of the English courts, appears to be clear. The only room for doubt is as to the cases falling within the exception, what are to be considered *ex parte* proceedings; whether proceedings openly had in a court of general jurisdiction and resulting in no further steps being taken, are within the exception? Such appears to have been 1 Esp. 456, 1 B. & P. 525, *Curry* v. *Walter*, on which comments are made by Abbott, C. J., in 3 B. & C. 556, *Duncan* v. *Thwaites*. The defense in the latter case was, that the supposed libel was nothing more than a fair, true, and correct report in a newspaper of proceedings which took place publicly and openly before a justice of the peace at the public police office. The right to publish, in such cases, was only claimed, "provided the proceedings were conducted openly, and the accounts are just and true." 10 E. C. L. 179. And this defense and such a right were not allowed by the decision of the court, the objection being that as the prosecution is still pending and undetermined, such publications tend to prevent or impede the due administration of justice toward persons accused of crimes.

It may be proper here to remark that this decision and the principle upon which it was placed, are fully sustained in 4 Sandford, 21, *Stanley* v. *Webb*, and that decision is approved in the subsequent case in 5 Sandford, 256, 264, *Matthews* v. *Beach*. The court say of a defense that the statement was a faithful report of *ex parte* proceedings before a magistrate, that it was adjudged insufficient in *Stanley* v. *Webb*, and proceed: "The decision in that case has been too

frequently represented as that of a single judge, but it was in truth, the judgment of the court at a general term, which consequently we are bound to follow.   In saying this, we are not to be understood as intimating that we entertain any doubt of the propriety of a decision, which is sustained, as it seems to us, not only by an irresistible force of authority, but by cogent reasons of public policy."

In 3 Bing. N. C. 950; 32 E. C. L. 403, *Delegal* v. *Highley*, the general question, "whether the publishing of a fair and correct account of proceedings, *ex parte,* upon a charge before a magistrate, is or is not a privileged communication," is referred to, but no opinion upon it is expressed.   From this it has been argued that it is considered an open or doubtful question in the English courts.   But whatever doubt may exist upon the question thus stated, it is quite obvious, and the case of *Delegal* v. *Highley* is an authority which shows that a different question is presented in the present case.   It is one thing to publish an account of proceedings which took place openly and publicly before a magistrate upon an inquiry into a criminal charge, and quite another to publish in advance of any such inquiry, the charge that has been made. A magistrate, sitting publicly, and examining witnesses in the presence of an accused party, to determine whether there be sufficient grounds to put him upon trial for an alleged offense, may be considered as constituting a court, with whose proceedings it may be proper that the public should be acquainted.   When such proceedings are published, the accused party has an opportunity to present, with the publication, his denial or explanation.   But there is neither a like policy nor the same opportunity in the case of a publication of the matters charged in an affidavit, upon which a warrant of arrest has been issued.   This may be, in one sense, a judicial proceeding; but it is not a proceeding in a court of justice; it is not a judicial proceeding in the sense in which that term is used in the rule as to privileged publications.   The idea that so soon as an affidavit charging a crime is made, presented to, and acted upon by a justice of the peace,

it becomes a judicial proceeding, a report or copy of which any one may obtain and publish with impunity as an item of public news, is sustained by no authority that has been cited by counsel, or which I have been able to find; but, on the contrary, all the cases on the subject clearly establish, in my judgment, that it is not justifiable, and some of the authorities go, as has been shown, much further.

The very question, it appears to me, was presented in the case of *Delegal* v. *Highley.* One of the pleas in that case, after setting out a part of the alleged libel, which stated that the plaintiff was charged before the Lord Mayor with a crime, justified that part of the libel by averring that in fact the plaintiff *was charged* as alleged. The court, among other things as to this plea, said, that it appeared from the record, " that the libel justified, is, in fact, a part of a legal proceeding only, viz: the charge, which the defendant is not justified in publishing alone." And the cases cited are 5 Esp. 123, *Rex* v. *Lee;* 2 Campb. 563, *Rex* v. *Fisher,* the very cases which establish the exception that *ex parte* proceedings before a magistrate, in criminal cases, do not come within the rule allowing reports of judicial proceedings.

If there be such an exception, if there be any proceedings that can be considered *ex parte,* the publication in the present case can not be justified. The publication stated that the plaintiff had been charged with petty larceny, and in the language of Tindal, C. J.: "There can be no doubt but that the publication of the fact that such an accusation was made against the plaintiff, is calculated to injure him in his good name and reputation, and that the defendant is therefore called upon to justify such publication; and the only justifications, which the law admits to the publication of an accusation of this nature, are two: first, that the accusation against the plaintiff was founded on facts which make the charge itself a true charge; and secondly, that the publication was justified by the occasion, viz: that it is a true, full and faithful account of proceedings in a court of justice." I am satisfied that upon no fair or just understanding of this

rule would it permit the publication of statements contained in an affidavit presented to a magistrate, and acted on by him in the absence of the party charged. This affidavit may be in view of a legal proceeding, may be a step toward it, but it is not properly a judicial proceeding, much less a proceeding in a court of justice, 61 E. C. L. 584. How far an open, public examination, had before the magistrate on the return of the warrant, may be a proceeding in a court of justice, a correct report of which may be published, is a question which does not arise in this case.

I have examined this case generally as to the right to publish the affidavit on which an arrest is made, before any examination of the party, and on the supposition that the publication in this case did that and nothing more. The defense was placed on that ground, that there was such right. The defense certainly required that there should be such a right. There was not a mere statement of what the charge was, but the facts charged were stated.

Now in the motion for a new trial, even if such a right were shown, and there had been error in the view then taken on a hasty examination of the cases in a *nisi prius* trial, I feel entirely clear that there was no prejudice to the party, for the publication, as made in view of the defendant's own testimony, was clearly not justified, and he had the full benefit of that testimony on the only point to which it was proper, the measure of damages.

The publication, as compared with the affidavit, was not a true, full, and fair account, and was not strictly confined to the actual proceedings. Comments were added, the plaintiff was charged by the heading with " swindling." 32 E. C. L. 403; and 19 E. C. L. 60, *Saunders* v. *Mills;* 5 E. C. L. 427–429, *Lewis* v. *Clement.*

Motion overruled, and judgment entered on verdict.